UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MYRANDA NICOLE MURWAY, et al.,  )
                                )
          Plaintiffs            )
                                )
     v.                         )   Civil Case No. 21-1618 (RJL)
                                )
ANTONY BLINKEN, Secretary of    )
State, et al.,                  )
                                )
          Defendants.           )

MEMORANDUM OPINION
February 16, 2022 [Dkt. # 6]

In this case, plaintiffs Myranda Nicole Murway ("Murway") and Sikhumbuzo Andre Butle Duma ("Duma") allege that various federal officials ("the Government") have unreasonably delayed processing their fiancé visa application in violation of the Administrative Procedure Act ("APA"). For the following reasons, I will GRANT the Government's motion to dismiss.

BACKGROUND

Murway is an American citizen engaged to marry Duma, a non-citizen who lives in South Africa. Complaint for Declaratory and Injunctive Relief and for Writ of Mandamus ("Compl.") [Dkt. # 1] ¶¶ 31, 5–10. Plaintiffs seek a K-1 nonimmigrant visa that would allow Duma to move to the United States. *See id.* ¶¶ 10–11, 42.

The Government processes K-1 fiancé visas though five steps. *First*, a sponsor files a Form I-129F petition with United States Citizenship and Immigration Services ("USCIS"). *See* 8 U.S.C. § 1184(d)(1); 8 C.F.R. § 214.2(k); *accord* Visas for Fiancé(e)s

of U.S. Citizens, USCIS, https://www.uscis.gov/family/family-of-us-citizens/visas-for-fiancees-of-us-citizens (last visited Feb. 16, 2022) ("K-1 Visa Guidance Page"). *Second*, if USCIS finds that the applicant is eligible, it will forward the Form I-129F to the Department of State National Visa Center ("NVC"). *See* K-1 Visa Guidance Page. *Third*, NVC will forward the Form I-129F to the applicant's local U.S. consulate. *Id. Fourth*, consular staff will interview the applicant-fiancé. *Id. Fifth*, the consular officer will decide whether to issue a nonimmigrant visa. *Id.*

In this case, plaintiffs are in either the second or third step. The plaintiffs filed their I-129F petition on April 24, 2020. Compl. ¶ 45. USCIS approved the petition and forwarded it to NVC on May 6, 2021. *Id.* ¶ 46. At present, the petition is either pending at NVC or the U.S. Consulate General in Johannesburg, South Africa. *Id.* ¶¶ 47–48.

Plaintiffs filed this case on June 14, 2021 alleging that the Government has unreasonably delayed the adjudication of their visa application. *See id.* ¶¶ 52–74. The Government has moved to dismiss, and the motion has been fully briefed. *See* Motion to Dismiss ("Mot.") [Dkt. # 6]; Memorandum of Points and Authorities in Opposition to Defendants' Motion to Dismiss ("Opp.") [Dkt. # 8]; Reply in Support of Defendants' Motion to Dismiss ("Reply") [Dkt. # 9].

## LEGAL STANDARD

The Court may dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6); *see also Sarlak v. Pompeo*, No. CV 20-35, 2020 WL 3082018, at *5 (D.D.C. June 10, 2020) (Howell, C.J.) (collecting cases evaluating unreasonable delay at the motion to dismiss stage). At this stage, "a court must

accept as true all of the allegations contained in a complaint," but it need not accept "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action[.]" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## DISCUSSION

Plaintiff argues that the Government's delay in processing their visa application violates the APA's requirement for agencies to act "within a reasonable time."[1] Compl. ¶ 52–63; *accord* 5 U.S.C. §§ 555(b), 706(1). Our Circuit analyzes the six "*TRAC*" factors in evaluating whether a delay is unreasonable:

> (1) the time agencies take to make decisions must be governed by a rule of reason;
>
> (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;
>
> (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;
>
> (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;
>
> (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and

---

[1] Plaintiff also asks the Court to compel the processing of their visa application under the Mandamus Act. Compl. ¶¶ 64–74; *accord* 28 U.S.C. § 1361. However, "[t]he standard by which a court reviews this type of agency inaction is the same under both § 706(1) of the APA and the Mandamus Act." *Skalka v. Kelly*, 246 F. Supp. 3d 147, 152 (D.D.C. 2017) (Leon J.) (citations omitted); *accord Kangarloo v. Pompeo*, 480 F. Supp. 3d 134, 142 (D.D.C. 2020) (Nichols, J.) (citation omitted) ("Because Plaintiffs' APA claim fails, mandamus is not available."). Thus, disposition of the APA claim also resolves the mandamus claim.

(6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*In re Pub. Emps. for Env't Resp.*, 957 F.3d 267, 273 (D.C. Cir. 2020) (quoting *Telecommunications Rsch. & Action Ctr. v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984)). "No one factor is determinative, and each case must be analyzed according to its own unique circumstances." *Id.* (citations, quotations, and alterations omitted).

### A. *TRAC* Factors 1 and 2

The first and second *TRAC* factors are typically considered together and ask whether the time taken by the agency to make its decision is governed by a "rule of reason," which may be informed by the agency's underlying statutory scheme. *See In re Pub. Emps. for Env't Resp.*, 957 F.3d at 273–74; *see also Dastagir v. Blinken*, No. 1:20-CV-02286, 2021 WL 2894645, at *3 (D.D.C. July 9, 2021) (McFadden, J.) ("Courts typically consider *TRAC* factors one and two together."); *Khan v. Blinken*, No. CV 21-1683, 2021 WL 5356267, at *3 (D.D.C. Nov. 17, 2021) (Boasberg, J.) (same). The rule of reason inquiry is the "most important factor." *In re Pub. Emps. for Env't Resp.*, 957 F.3d at 274 (citation and quotations omitted).

The first and second *TRAC* factors favor the Government. As a threshold matter, "[t]here is no congressional[ly] imposed timeline for processing fiancé visa applications."[2]

---

[2] Plaintiffs point to 8 U.S.C. § 1571(b) for the proposition that Congress "expected that the agencies involved should process nonimmigrant benefits within 30 days (K-1 visas are nonimmigrant visas) and immigrant applications in no more than six months." Opp. at 10 (emphasis omitted). But that provision "is aspirational, rather than mandatory," and thus "there is no Congressional timeline to apply[.]" *Shen v. Pompeo*, No. CV 20-1263, 2021 WL 1246025, at *8 (D.D.C. Mar. 24, 2021) (Berman Jackson, J.) (citations omitted); *see also Mohammad v. Blinken*, No. 1:20-CV-03696, 2021 WL 2866058, at *5 (D.D.C. July

4

*Brzezinski v. U.S. Dep't of Homeland Sec.*, No. CV 21-376, 2021 WL 4191958, at *5 (D.D.C. Sept. 15, 2021) (Contreras, J.) (citations and quotations omitted); *accord Khan*, No. CV 21-1683, 2021 WL 5356267, at *3 (JEB). "Absent a congressionally supplied yardstick, courts typically turn to case law as a guide." *Sarlak*, No. CV 20-35, 2020 WL 3082018, at *6 (BAH). The caselaw typically considers "the two-year mark" to be "the lowest threshold for a finding of unreasonable delay" in visa processing cases. *Khan*, No. CV 21-1683, 2021 WL 5356267, at *3 (JEB) (citation omitted); *accord Sarlak*, No. CV 20-35, 2020 WL 3082018, at *6 (BAH) ("District courts have generally found that immigration delays in excess of five, six, seven years are unreasonable, while those between three to five years are often not unreasonable." (alterations omitted)).

Here, the delay alleged by plaintiffs—roughly 22 months since filing the I-129F petition and roughly 9 months since USCIS sent the petition to the NVC—is below the two-year mark. The caselaw thus favors the Government's contention that the delay is not unreasonable.[3] *See id.*; *see also Brzezinski*, No. CV 21-376, 2021 WL 4191958, at *5 (RC) (17-month delay in processing K-1 fiancé visa application not unreasonable in light of

---

8, 2021) (McFadden, J.). Even if this provision offered a relevant expectation under these circumstances, *but see El Centro Reg'l Med. Ctr. v. Blinken*, No. 321CV00361, 2021 WL 3141205, at *4 & n.2 (S.D. Cal. July 26, 2021) ("[T]he plain text of § 1571 indicates that it applies to the processing of immigrant benefit applications by USCIS, not consular officials at the State Department."), I do not find the Government's delay here to be so far beyond either benchmark as to lack reason, given its explanation discussed *infra*.

[3] The case cited by plaintiffs, *see* Opp. at 9–10, is inapposite because the delay was greater than two years and subject to a different statutory scheme. *See Afghan & Iraqi Allies Under Serious Threat Because of Their Faithful Serv. to the United States v. Pompeo*, No. 18-CV-01388, 2019 WL 4575565 (D.D.C. Sept. 20, 2019) (Chutkan, J.).

"plethora of cases finding delays longer than two years to not be unreasonable."); *Mohammad v. Blinken*, No. 1:20-CV-03696, 2021 WL 2866058, at *3–*5 (D.D.C. July 8, 2021) (McFadden, J.) (delay in processing K-1 fiancé visa application not unreasonable 20 months after submitting I-129F petition); *Skalka v. Kelly*, 246 F. Supp. 3d 147, 153–54 (D.D.C. 2017) (Leon J.) (noting that delay of two years "d[id] not require judicial intervention").

The context for the delay here is also significant and favors the Government. *See Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1102 (D.C. Cir. 2003) (explaining that the rule of reason "cannot be decided in the abstract"). In particular, the Government notes that it "temporarily suspended routine visa services at all U.S. Embassies and Consulates" at the onset of the COVID-19 pandemic, resulting in a "backlog" of visa applications. Suspension of Routine Visa Services, U.S. Dep't of State, https://travel.state.gov/content/travel/en/News/visas-news/suspension-of-routine-visa-services.html (last visited Feb. 16, 2022); Update on U.S. Immigrant Visa Processing at Embassies and Consulates, U.S. Dep't of State, https://www.state.gov/briefings-foreign-press-centers/update-on-u-s-immigrant-visa-processing-at-embassies-and-consulates/ (last visited Feb. 16, 2022).[4] The U.S. Consulates General Johannesburg has since resumed services—including "visa interviews"—but is now both working through the backlog and

---

[4] "The Court may take judicial notice of . . . information available on government websites." *Pub. Emps. for Env't Resp. v. Nat'l Park Serv.*, No. CV 19-3629, 2021 WL 1198047, at *2 n.2 (D.D.C. Mar. 30, 2021) (Contreras, J.); *accord Dastagir v. Blinken*, No. 1:20-CV-02286, 2021 WL 2894645, at *1 n.3 (D.D.C. July 9, 2021) (McFadden, J.) ("The Court takes judicial notice of information posted on official government websites without transforming the Government's motion into one for summary judgment.").

6

navigating ongoing restrictions. *See* COVID-19 Information, U.S. Embassy & Consulates in South Africa, https://za.usembassy.gov/covid-19-information-2/ (last visited Feb. 16, 2022); *accord* Proclamation No. 10315, 86 Fed. Reg. 68,385 (Nov. 26, 2021) (previously imposing restrictions on travelers from South Africa due to Omicron variant).

I concur with many of my colleagues in finding that operational delays due to the COVID-19 pandemic favor the Government on the first two factors. *See, e.g., Khan*, No. CV 21-1683, 2021 WL 5356267, at *3 (JEB) ("Given that courts have countenanced far longer processing delays under pre-pandemic circumstances, the Court finds no basis to conclude that the Government's timeline for adjudicating [plaintiff]'s application lacks reason, especially given the logistical challenges that COVID-19 has imposed."); *Zaman v. U.S. Dep't of Homeland Sec.*, No. CV 19-3592, 2021 WL 5356284, at *6 (D.D.C. Nov. 16, 2021) (Berman Jackson, J.) ("The significant public health considerations impacting consular staff and the suspension of visa activities in Bangladesh are circumstances well beyond the agency's control, and they weigh in favor of defendants on the first two TRAC factors."); *Dastagir*, No. 1:20-CV-02286, 2021 WL 2894645, at *4 (TNM) ("Issues like a pandemic and local government restrictions . . . offer sufficient rhyme and reason to explain the Government's response time." (citation, quotations, and alterations omitted)).

### B.    TRAC Factors 3 and 5

The third and fifth factors are typically considered together and require the Court to assess the "nature and extent of the interests prejudiced by delay," while keeping in mind that "delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake." *In re Pub. Emps. for Env't Resp.*, 957 F.3d

7

at 273 (citation omitted); *accord Khan*, No. CV 21-1683, 2021 WL 5356267, at *3 (JEB) (considering factors three and five together).

The third and fifth *TRAC* factors favor the plaintiffs because the visa processing delay has forced them "to endure a prolonged and indefinite separation from their fiancé(e)," which constitutes a significant human welfare interest. *Milligan v. Pompeo*, 502 F. Supp. 3d 302, 319 (D.D.C. 2020) (Boasberg, J.) (citations and quotations omitted); *accord Khan*, No. CV 21-1683, 2021 WL 5356267, at *3 (JEB); *Brzezinski*, No. CV 21-376, 2021 WL 4191958, at *5 (RC); *Bagherian v. Pompeo*, 442 F. Supp. 3d 87, 95 (D.D.C. 2020) (Bates, J.); *accord* Compl. ¶¶ 75–77.

C.  **TRAC Factor 4**

The fourth factor concerns "the effect of expediting delayed action on agency activities of a higher or competing priority[.]" *In re Pub. Emps. for Env't Resp.*, 957 F.3d at 273 (citation omitted). This factor favors the Government where "a judicial order putting [plaintiffs] at the head of the queue simply moves all others back one space and produces no net gain." *In re Barr Lab'ys, Inc.*, 930 F.2d 72, 75–76 (D.C. Cir. 1991). In such a situation, this factor may be dispositive. *See, e.g., Mashpee Wampanoag Tribal Council*, 336 F.3d at 1100 (noting that D.C. Circuit previously "refused to grant relief, even though all the other factors considered in *TRAC* favored it," where such relief would have simply prioritized the plaintiff over others waiting in line); *In re Pub. Emps. for Env't Resp.*, 957 F.3d at 275 ("[W]e will not grant mandamus relief that serves only to put the petitioner at the head of the queue while moving all others back one space[.]" (citations, quotations, and alterations omitted)); *Am. Hosp. Ass'n v. Burwell*, 812 F.3d 183, 192 (D.C. Cir. 2016)

8

(observing that "precedent forecloses" relief that would have the "effect of allowing the plaintiffs to jump the line, functionally solving their delay problem at the expense of other similarly situated applicants"); *accord Gorgadze v. Blinken*, No. CV 21-2421, 2021 WL 4462659, at *10 (D.D.C. Sept. 29, 2021) (Bates, J.) ("Even assuming the remaining *TRAC* factors weigh in plaintiffs' favor, factor four's heavy weight against them all but precludes their unreasonable delay claims from succeeding on the merits.").

The fourth *TRAC* factor strongly favors the Government. Plaintiffs' complaint makes no allegation that the Government has "singled [them] out for mistreatment[.]" *In re Barr Lab'ys, Inc.*, 930 F.2d at 75. In such a situation, the Court "ha[s] no basis for reordering agency priorities," in light of the Government's "unique—and authoritative—position to view its projects as a whole, estimate the prospects for each, and allocate its resources in the optimal way." *Id.* at 76. Because "[p]rocessing capacity is presently a zero-sum game," "granting [p]laintiff[s'] request to expedite would necessarily mean additional delays for other applicants — many of whom undoubtedly face hardships of their own." *Khan*, No. CV 21-1683, 2021 WL 5356267, at *4 (JEB); *Mohammad*, No. 1:20-CV-03696, 2021 WL 2866058, at *5 (D.D.C. July 8, 2021) (TNM); *Shen v. Pompeo*, No. CV 20-1263, 2021 WL 1246025, at *9 (D.D.C. Mar. 24, 2021) (Berman Jackson, J.); *Sarlak*, No. CV 20-35, 2020 WL 3082018, at *6 (BAH) (collecting cases).

### D. *TRAC* Factor 6

The sixth factor considers whether there is "any impropriety lurking behind agency lassitude[.]" *In re Pub. Emps. for Env't Resp.*, 957 F.3d at 273 (citation omitted). This factor has no application here because plaintiffs do not allege impropriety. *See* Opp. at 15;

9

*accord Brzezinski*, No. CV 21-376, 2021 WL 4191958, at *6 (RC) ("factor does not affect the outcome" where "plaintiff makes no allegation of bad faith").

## CONCLUSION

Considering the *TRAC* factors holistically, I do not find that the Government has unreasonably delayed processing the plaintiffs' application. While plaintiffs have a real and significant interest in being reunited, the Government has made progress on their application and offers an eminently reasonable explanation for its delay: it is working through a backlog of cases that accumulated over the COVID-19 pandemic. Moreover, granting relief to plaintiffs would do nothing more than allow them to jump ahead in the line of other individuals waiting for the Government to take action on their visa applications. Under these circumstances, it would be premature to compel the Government to act. *See, e.g., Khan*, No. CV 21-1683, 2021 WL 5356267, at *4 (JEB) (no unreasonable delay where factors one, two, and four favored Government and factors three and five favored plaintiff); *Sarlak*, No. CV 20-35, 2020 WL 3082018, at *6 (BAH) (collecting similar cases).

In light of the foregoing, the Government's Motion to Dismiss is **GRANTED**, and the case is **DISMISSED**. A separate Order consistent with this decision accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge